Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dial Up Services, Inc., dba Simple.Net, a Nevada Corporation<br><br>Plaintiffs,<br><br>vs.<br><br>THE STATE OF OREGON; THE STATE OF IDAHO; THE STATE OF NORTH DAKOTA; VARIOUS STATES I – XXX,<br>Defendants. | NO.<br><br>**VERIFIED COMPLAINT**<br><br>(Declaratory Judgment)<br><br>(Injunction)<br><br>**DEMAND FOR TRIAL BY JURY** |

**THE PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Dial Up Services, Inc. is an Arizona Corporation authorized to and conducting its activities in Maricopa County, State of Arizona.

2. Defendants the State Of Oregon; the State of Idaho; the State of North Dakota and various States I – XXX are political subdivisions of the Untied States ("Defendant States").

3. Defendant States are abridging the rights of Plaintiff in the lawful exercise of the rights guaranteed to it by the First Amendment to the Constitution of the United States.

4. Defendant States are jointly and in concert mounting impermissible collateral attack on a Federal Court Judgment entered in the United States District Court for the District of Arizona, 2:01-cv-00803-SMM *FTC v. Simple Access Inc, et al.*

5. The United States District Court of the State of Arizona has jurisdiction over this matter by virtue of U.S.C. 28-1331.

6. In cv-00803-SMM *FTC v. Simple Access Inc, et al.*, the District Court for the State of Arizona retained jurisdiction over the same body of facts (i.e. the marketing practices of plaintiff) for the entire time that plaintiff used the marketing practice permissible under that judgment.

7. Venue is proper pursuant to 28 U.S.C. 1391 for the reason that a substantial part of the acts and omissions complained of herein occurred in the State of Arizona.

## GENERAL ALLEGATIONS

8. Simple.Net provides back-up mobile internet access to business customers for a fee of $19.95 per month. Simple.Net's discontinued marketing method involved the mailing of a check identified as a "discount incentive" of $3.25. The negotiation of the check signified the recipient's request for Simple.Net's services; if the check was cashed, the customer was billed $19.95 per month.

9. On May 9, 2001, the Federal Trade Commission commenced a civil action against Plaintiff for alleged improprieties contained in Plaintiff's marketing strategy.

10. On July 30, 2001, the United States District Court for the District of Arizona issued Judgment containing a specific decree permitting Plaintiff to market its services in accordance with specifically decreed instructions. DOC 3 in 2:01-cv-00803-SMM FTC v. Simple Access Inc, et al states:

> **Full docket text for document 3:**
>
> STIPULATED FINAL JUDGMENT and order for permanent injunction and other equitable relief as to Simple Access Inc, Dial Up Services Inc and ISP Marketing Inc by Judge Stephen M. McNamee: to dismiss case ; ORDERED ADJUDGED AND DECREED ... that, in connection with the advertising, promotion, offering for sale, sale or provision of any goods or services, dfts are hereby permanently restrained and enjoined from making or assisting in the making of, expressly or by implication, orally or in writing, any false or misleading statement or representation of material fact, including, but not limited to, representations that: A. A solicitation check is a refund, rebate, receivable, or other payment for services based on a prior or ongoing business relationship; B. Consumers can obtain a monetary rebate from dfts without incurring any obligations to dfts; and C. Dfts have a prior or ongoing business relationship with consumers; ... FURTHER ORDERED that the receiver shall return to dfts all documents removed from dfts' premises and any copies thereof; FURTHER ORDERED that each party shall bear its own costs and attorneys' fees in connection with this action (cc: all counsel/jgm drawer) (LAD)

The full transcript of the Judgment is appended hereto as Exhibit "A". ("Federal Court Judgment")

11. The marketing of Plaintiff's product in accordance with the Federal Court Judgment is protected by the 1st Amendment of the Constitution of the United States.

12. Plaintiff has strictly complied with the Federal Court Judgment and their have been no incidences of non-compliance. In order to assure complete and robust disclosure to the potential customer, Simple.Net has adopted five levels of consumer protection:

    a. The *first* level of consumer protection is set forth on the front of the check, describing it as "Internet Access Solicitation" and a "Discount Incentive".

    b. The *second* level of consumer protection is the clear and unambiguous statement on the back of the check, immediately above the signature line, stating that "by depositing this check and by doing so I agree to pay a fee for this service, which is only $19.95 per month".

    c. The *third* level of consumer protection is the letter accompanying the check, clearly stating the terms of the offer.

    d. The *fourth* level of consumer protection is the Order Confirmation that is issued to the customer following the acceptance of the service.

    e. The *fifth* level of consumer protection is the unconditional, no questions asked guarantee coupled with a full refund for 90 days.

13. Simple.Net's commercial activities in Defendant States are protected by the 1st Amendment to the Constitution of the United States, and by Defendant States' similar protections.

14. Despite the protected status of Plaintiff's activities, Plaintiff for its own commercial reasons voluntarily ceased its check mailing program in November of 2005 and has not recommenced this marketing practice as a showing of good faith to Various States. This occurred before any investigation by the States was initiated.

15. Various States have entered into a consortium designed to oppress and harass Plaintiff and extort money from Plaintiff by threats of criminal prosecutions.

## COUNT ONE
(Declaratory Judgment)

16. Plaintiff realleges all allegations heretofore set forth.

17. Various States contend that Plaintiff's discontinued marketing strategy is illegal despite its compliance with the Federal Judgment.

18. Various States contend that Plaintiff's discontinued marketing strategy is not protected by the 1st Amendment to the Constitution of the United States.

19. Various States have embarked on a tactic of repression, threats and oppression in an attempt to (1) damage Plaintiff for the exercise of its lawful 1st Amendment rights; and (2) Prevent Plaintiff from exercising its 1st Amendment Rights in the future.

WHEREFORE, Plaintiff prays for relief as follows:

A. For a declaration that the Previous Judgment entered in this Court is a legal judgment binding on Plaintiff; and

B. For a declaration affirming that Plaintiff's compliance with the terms of the Previous Judgment is not, and cannot be, illegal; and

C. For a declaration that Plaintiff's commercial speech is protected by the 1st Amendment to the Constitution of the United States; and

D. For damages suffered by Plaintiff as a direct and proximate result of the acts of the consortium comprised of Various States; and

E. For such other and further relief as the Court may deem just and proper.

## COUNT TWO
(Injunctive Relief)

20. Plaintiff realleges all allegations heretofore set forth.

21. Various States have unduly restricted Plaintiff's first amendment rights by treats, intimidation, and oppression including, without limitation, threats of running Plaintiff out of business and by improperly and illegally issuing investigative demands and employing other tools in the arsenal of the government to oppressively force Plaintiff to give up its 1st Amendment rights.

22. Various States are mounting an illegal collateral attack on the Federal Court Judgment.

23. Plaintiff has no adequate remedy at law.

24. There is likelihood that Various States will continue to unduly restrain the 1st Amendment activities of Plaintiff unless restrained by an injunction.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For a preliminary and permanent injunction against Various States' infringing on Plaintiff's 1st Amendment Rights; and

B. For a preliminary and permanent injunction against Various States commencing or prosecuting a collateral attach on Federal Judgment; and

C. For damages suffered by Plaintiff as a direct and proximate result of the acts of the consortium comprised of Various States; and

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on issues triable by a jury.

RESPECTFULLY submitted this 21st day of February, 2007.

*Peter Strojnik*
Attorney for Plaintiff

## VERIFICATION

The undersigned, being first duly authorized to do so on behalf of Plaintiff, do affirm under the penalty of perjury that he has read the foregoing and that the foregoi and correct to the best of undersigned's knowledge, information and belief.

DATED: 2/21/07

Authorized Representative of Plaintiff