Douglas A. Bahr
Solicitor General
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
State Bar ID No. 04940
Facsimile (701) 328-4300
dbahr@nd.gov
Telephone (701) 328-3640

Attorneys for Defendant the Honorable David E. Reich.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dial Up Services, Inc., | ) |
| | ) **Case No. CV-07-423-PHX-EHC** |
| Plaintiff, | ) |
| | ) |
| vs. | ) **BRIEF IN SUPPORT OF MOTION** |
| | ) **FOR SANCTIONS** |
| State of Oregon, et al. | ) |
| | ) |
| Defendants. | ) |

-------------------------------------------------------------------------------------------------------

## LAW AND ARGUMENT

Pursuant to Fed. R. Civ. P. 11(b), by presenting a pleading to the Court "an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the pleading "is not being presented for any improper purpose," that the claims "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that "the allegations and other factual contentions have evidentiary support . . . ." Under the Rule there are "basically three types of submitted papers which warrant sanctions: factually frivolous (not 'well grounded in fact'); legally frivolous (not 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law'); and papers 'interposed for an improper purpose.'" Bus. Guides, Inc. v. Chromatic Communications Enters., 892 F.2d 802, 808 (9th Cir. 1989).  If a pleading is signed in violation of this rule, the Court, upon motion or upon its own initiative, may impose an appropriate sanction.

"Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing.  To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the plaintiff's allegations."  Miller v. Bittner, 985 F.2d 935, 939 (8th Cir. 1993) (citation omitted).  The standard by which courts judge conduct challenged under rule 11 is one of objective reasonableness.  Bus. Guides, 892 F.2d at 808.

Plaintiff's pleadings against the Honorable David E. Reich (Judge Reich) are objectively unreasonable. They have no basis in law or fact. Sanctions, including reasonable attorney's fees, should be imposed against Plaintiff's counsel, Peter Strojnik.

**I.    Plaintiff's factual allegations and claims.**

The factual allegations against Judge Reich are simple and straightforward. The First Amended Verified Complaint (Complaint) alleges Judge Reich is a Judge of the South Central Judicial District of the State of North Dakota who presides over a proceeding brought by the North Dakota Office of Attorney General (Attorney General) in the South Central Judicial District of the State of North Dakota. Compl. ¶ 3. The title of the proceeding is <u>In the Matter of Dial Up Services, Inc. d/b/a/ Simple.Net</u>, 07 C 0292. <u>Id.</u> No further factual allegations are made in the Complaint against Judge Reich.

The action commenced by the Attorney General in the South Central Judicial District consists of a Motion to Compel Simple.Net to respond to a Civil Investigative Demand. Attachs. 1, 2.[1] Simple.Net did not oppose the motion. Attach. 1. Judge Reich issued an Order Granting Motion to Compel on February 27, 2007. Attach. 4.

The claims against Judge Reich are that he unduly restricted Plaintiff's First Amendment rights and has mounted an illegal attack on this

---

[1] The attachments are public court records of which this Court can take judicial notice. <u>See</u> <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992); <u>United States v. Southern Cal. Edison Co.</u>, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004). Attachment 1 is the state court Register of Actions, which identifies all documents filed in the state action.

Court's July 30, 2001, Judgment and Order in violation of the All Writs Act, 28 U.S.C. § 1651, and the Anti Injunction Act, 28 U.S.C. § 2283.  Compl. ¶¶ 19, 21.  Plaintiff requests damages and injunctive relief.  Id. p. 6.

## II.    The claims are not warranted by existing law and have no evidentiary support.

### A.    The Order Granting Motion to Compel does not interfere with any order of this Court.

The basis of Plaintiff's claim is that Judge Reich has allegedly mounted an illegal attack on this Court's July 30, 2001, Judgment and Order.  But Judge Reich has simply issued a discovery order pursuant to North Dakota's consumer protection law, N.D.C.C. § 51-15-04.  Judge Reich has not attempted to interpret, modify, or enforce compliance of the July 30, 2001, Judgment and Order.  Judge Reich ordered Plaintiff to respond to a Civil Investigative Demand issued under North Dakota law by the North Dakota Attorney General.  There is no factual or legal basis for Plaintiff's claim under the All Writs Act or the Anti Injunction Act.

The All Writs Act authorizes a federal court to issue those orders that are "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."  United States v. N.Y. Tel. Co., 434 U.S. 159, 172 (1977).  The All Writs Act does not operate to confer federal jurisdiction, but only effectuates jurisdiction already established.  United States v. BNS Inc., 858 F.2d 456, 461 (9th Cir. 1988).  Injunctive relief is permitted "'to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'"  Sandpiper Vill. Condo. Ass'n v. La. Pac.

Corp., 428 F.3d 831, 843 (9th Cir. 2005), cert. denied, 126 S. Ct. 2970 (2006) (quoting Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 295 (1970)).  Thus, "an injunction is justified only where a parallel state action 'threatens to "render the exercise of the federal court's jurisdiction nugatory."'"  Id. at 843-44 (citations omitted).

Because Judge Reich's Order Granting Motion to Compel in no way impacts any order issued by this Court, Plaintiff's claim lacks any basis in law or fact.

B.    There are no allegations of wrongdoing against Judge Reich.

A complaint must allege specific action which, if true, would state a claim.  Lally v. Crawford County Trust & Sav. Bank, 863 F.2d 612, 613 (8th Cir. 1988); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).  The Complaint asserts Defendants are mounting an impermissible attack on a Federal Court judgment and order.  But there is no factual allegation upon which it could be found Judge Reich is impermissibly attacking a Federal Court judgment and order.  All Judge Reich has done is issue a discovery order involving a state investigation.

The Complaint also alleges Defendants are unduly restricting Simple.Net's First Amendment rights.  Yet there is no allegation that Judge Reich has done anything to restrict Simple.Net's First Amendment rights.  Again, Judge Reich has simply issued a discovery order.

C.    There are numerous impediments to Plaintiff's claim for money damages.

1.    Lack of personal jurisdiction.

Well-established law demonstrates the Court lacks personal

jurisdiction over Judge Reich for purposes of any claim for money damages.[2]  Courts use a two-step approach when determining whether personal jurisdiction exists over a nonresident.  Injen Tech. Co. v. Advanced Engine Mgmt., Inc., 270 F. Supp. 2d 1189, 1194 (S.D. Cal. 2003).  The first step involves determining whether the defendant's actions satisfy the forum state's personal jurisdiction statute.  The second step involves determining whether the defendant's contacts with the forum state satisfy federal due process.  Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 863 (9th Cir. 2003); Injen Tech., 270 F. Supp. 2d at 1194.

Arizona's long-arm rule permits the exercise of personal jurisdiction to the extent allowed by the due process clause of the United States Constitution.  16 A.R.S. R. Civ. P. 4.2(a); CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1110 (9th Cir. 2004).  Due process requires the defendant to have "purposefully established 'minimum contacts' in the forum State."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Due process also requires that "traditional conception[s] of fair play and substantial justice" are not offended by the exercise of personal jurisdiction.  Id. at 464 (quoting Int'l Shoe, 326 U.S. at 320).

---

[2] This argument does not apply to the injunctive relief requested under the All Writs Act because the law is, arguably, unclear whether personal jurisdiction is required to issue an injunction under the All Writs Act. Compare United States v. Int'l Bhb. of Teamsters, 907 F.2d 277, 281 (2d Cir. 1990) (holding non-parties may be subject to the terms of an injunction under the All Writs Act "if jurisdiction over the subject matter of and the parties to litigation is properly acquired"), with Hillman v. Webley, 115 F.3d 1461, 1469, n.5 (10th Cir. 1997) (stating there "is at least a suggestion in New York Telephone that the All Writs Act may be a basis for *personal jurisdiction* when subject matter jurisdiction is 'otherwise obtained'").

Due process is satisfied if the defendant has "continuous and systematic contacts" with the forum.  Injen Tech., 270 F. Supp. 2d at 1194. This is true even if the cause of action does not relate to or arise out of those contacts.  Id.  This is referred to as "general jurisdiction."  Id.

The Court does not have general jurisdiction over Judge Reich.  The Complaint does not allege Judge Reich had "continuous and systematic contacts" with Arizona.  In fact, the Complaint does not allege Judge Reich had any contacts with Arizona.

Due process is also satisfied if the defendant has "specific jurisdiction" over the defendant.  Id.  Courts apply a three-part test to determine whether the exercise of specific jurisdiction over a defendant comports with due process:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Mattel, Inc., 354 F.3d at 863 (citation omitted); see also Injen Tech., 270 F. Supp.2d at 1194; CE Distr., LLC, 380 F.3d at 1111.

The Complaint does not allege Judge Reich had any contact with Arizona.  As alleged in the Complaint, Judge Reich is a judge in the South Central Judicial District of the State of North Dakota.  The only allegation against Judge Reich in the Complaint is that he granted a motion to compel in a legal action venued in the South Central Judicial District of North Dakota.

Because the Complaint does not allege Judge Reich had any contacts with Arizona, the second prong of the specific jurisdiction test is

also not met.

The exercise of personal jurisdiction over Judge Reich also offends traditional notions of fair play and substantial justice. The Ninth Circuit has identified seven factors to consider in weighing the reasonableness of personal jurisdiction. Those factors include:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Mattel, Inc., 354 F.3d at 866-67 (citation omitted).

Judge Reich has not purposefully interjected himself into Arizona's affairs; he issued a discovery order in a North Dakota civil action. Defending this action in Arizona would be extremely expensive and burdensome for Judge Reich. Having an Arizona court address discovery issues in a North Dakota action would interfere in North Dakota's sovereignty. Especially when the discovery involves the North Dakota Attorney General's authority to enforce North Dakota's consumer protection law. See N.D.C.C. § 51-15-04. Furthermore, Arizona does not have a special interest in adjudicating a concern Simple.Net apparently has regarding a discovery order issued by a North Dakota judge in a North Dakota state court proceeding. Simple.Net's concern could be more efficiently resolved through the North Dakota judicial process, where the order was issued. Not only is the North Dakota district court an alternative forum, it is the proper forum. Arizona has no fundamental policy or interest

that would be furthered by telling a North Dakota judge how to rule on discovery issues under the North Dakota consumer protection laws.

Existing law does not warrant any argument this Court has personal jurisdiction over Judge Reich. Plaintiff's attempt to sue Judge Reich in this Court, therefore, violates Rule 11.

> 2.    The Eleventh Amendment bars Plaintiff's claim for money damages.

The Eleventh Amendment to the United States Constitution bars suits against the state for damages in federal court. Kentucky v. Graham, 473 U.S. 159, 169 (1985). The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against the State itself." Id. Eleventh Amendment immunity applies to suits against officials in their official capacities. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984). Accordingly, state officials cannot be sued for money damages in federal court. See Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999).[3]

Judge Reich is sued in his official capacity as a judge of the North Dakota District Court. The suit against Judge Reich, therefore, is a suit against the State of North Dakota and barred by the Eleventh

---

[3] A waiver of a state's Eleventh Amendment immunity must be clear and must explicitly extend to suits in federal court. See Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1988). North Dakota has expressly stated it does not waive its Eleventh Amendment immunity. See N.D.C.C. § 32-12.2-10.

Amendment.[4]

        3.     The <u>Will</u> doctrine bars Plaintiff's § 1983 claim.

Although the legal basis for the monetary claim is not articulated in the Complaint, presumably it is 42 U.S.C. § 1983. A § 1983 action, however, may not be brought against Judge Reich in his official capacity. <u>See</u> <u>Will</u>, 491 U.S. at 71 (holding "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

        4.     Absolute judicial immunity bars any monetary claim.

Any monetary claim against Judge Reich is also barred by absolute judicial immunity. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, <u>i.e.</u>, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." <u>Mireles</u>, 502 U.S. at 11-12 (citations omitted).

The Complaint relates to "judicial acts" of Judge Reich that were not done in the clear absence of all jurisdiction. The Complaint acknowledges Judge Reich is a district court judge. And the Complaint only relates to actions taken by Judge Reich while presiding over a district court

---

[4] Although this argument is only made with regard to Plaintiff's claim for damages, which is not based on the All Writs Act, Judge Reich notes that the All Writs Act "cannot be used to circumvent or supersede the constitutional limitations of the Eleventh Amendment." <u>In re Baldwin-United Corp.</u>, 770 F.2d 328, 340 (2d Cir. 1985).

proceeding. Presiding over civil proceedings is a function normally performed by a North Dakota district court judge. <u>See</u> N.D.C.C. § 27-05-06(2). Thus, the allegations in the Complaint are limited to allegations involving judicial acts of Judge Reich.

And Judge Reich's "judicial acts" were not done in the clear absence of all jurisdiction. District courts in North Dakota are courts of general jurisdiction. N.D. Const. art. VI, § 8; N.D.C.C. § 27-05-06. This includes the jurisdiction to preside over civil actions. N.D.C.C. § 27-05-06(2). It also specifically includes the jurisdiction to issue the Order Granting Motion to Compel. N.D.C.C. § 51-15-06. Judge Reich was, therefore, acting within his jurisdiction as a district court judge when he presided over the judicial proceeding and issued the Order Granting Motion to Compel. Accordingly, judicial immunity bars Simple.Net's monetary claim against Judge Reich.

D.    The <u>Younger</u> doctrine bars Plaintiff's action.

Abstention under <u>Younger v. Harris</u>, 401 U.S. 37 (1971) is warranted when (1) there is an ongoing state proceeding (2) involving an important state interest (3) that provides the federal plaintiff with an adequate opportunity for judicial review of its federal constitutional claims. <u>Baffert v. Cal. Horse Racing Bd.</u>, 332 F.3d 613, 617 (9th Cir. 2003); <u>Hirsh v. Justices of Supreme Court</u>, 67 F.3d 708, 712 (9th Cir. 1995). As the Supreme Court explained, "[f]or <u>Younger</u> purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign." <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350, 369 (1989). Thus, "a necessary concomitant of

<u>Younger</u> is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court."  <u>Id.</u> (quoting <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 608 (1975)).

The alleged facts and established law demonstrates abstention is appropriate in this case.  Although unclear from the Complaint, Simple.Net is either challenging the correctness of Judge Reich's Order Granting Motion to Compel or the state court's jurisdiction to issue the order.  Under either situation Simple.Net should first present its claims to the state district court and then, if necessary, pursue its appellate remedies.

There is an ongoing state judicial proceeding, and it is that very proceeding Simple.Net is attempting to circumvent.  Simple.Net can address any concerns it has regarding the Attorney General's Civil Investigative Demand with the North Dakota district court.

The ongoing state proceeding also involves important state interests.  As explained by the Ninth Circuit, "[t]he importance of the interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case." <u>Baffert</u>, 332 F.3d at 618.  One of the interests in this case is the Attorney General's power to issue Civil Investigative Demands to enforce North Dakota's consumer protection laws.  <u>See</u> N.D.C.C. § 51-15-04.  This is an important state interest.  North Dakota's elected Attorney General and its citizens have a substantial interest in proper enforcement of North Dakota's consumer protection laws.  <u>See</u> N.D.C.C. ch. 51-15.

Simple.Net is provided the opportunity in state court to vindicate its federal rights.  See Juidice v. Vail, 430 U.S. 327, 335 (1977).  If Simple.Net claims to have a constitutional defense to the Civil Investigative Demand, the North Dakota state courts are competent to decide the federal question.  See Baffert, 332 F.3d at 619.  Furthermore, Younger abstention applies even if the constitutionality of the pending proceeding is at the heart of the plaintiff's claim.  Id.  Thus, if Simple.Net challenges the state court's jurisdiction, or any aspect of the state court proceeding, the challenge should be brought to the state court, not this Court.

### III.    Costs of defense should be awarded.

"Rule 11 sanctions are specifically designed to deter baseless filings and frivolous litigation, to unclog the choked dockets of the federal courts, and to punish improper conduct by lawyers and litigants."  Schutts v. Bently Nev. Corp., 966 F. Supp. 1549, 1566 (D. Nev. 1997); see also Kurkowski v. Volcker, 819 F.2d 201, 204 (8th Cir. 1987) ("Rule 11 was adopted to spare innocent parties and overburdened courts from the filing of frivolous lawsuits. Another purpose is to deter plaintiffs from bringing actions that lack in factual or legal support.").  The rule is "intended to be vigorously applied by district courts to curb widely acknowledged abuse resulting from the filing of frivolous pleadings and other papers."  Adduono v. World Hockey Ass'n, 824 F.2d 617, 621 (8th Cir. 1987).

Plaintiff should not be permitted to burden the courts and harass Judge Reich through frivolous litigation.  The requested sanctions will discourage Plaintiff from further abuse of the judicial system, and compensate Judge Reich for his costs in defending this frivolous suit.  "The

purpose of Rule 11 is to 'compensat[e] the offended party for the expenses caused by a violation as well as penaliz[e] the offender * * *.'" <u>Lupo v. R. Rowland & Co.</u>, 857 F.2d 482, 485-86 (8th Cir. 1988) (quoting <u>Sanctions Under the New Federal Rule 11–A Closer Look</u>, 104 F.R.D. 181, 201 (1985)).

## **<u>CONCLUSION</u>**

Pursuant to Rule 11, the Honorable David E. Reich respectfully requests that this Court award him costs, including attorneys' fees, in defending this action and preparing and filing his Memorandum in Opposition to Application for Temporary Restraining Order. The Honorable David E. Reich requests the sanctions be awarded against Plaintiff's counsel, Peter Strojnik. An affidavit of costs will be provided to the Court when all steps necessary to defend Judge Reich in this action are concluded.

Dated this 5th day of April, 2007.

State of North Dakota
Wayne Stenehjem
Attorney General


By: _____/s/ Douglas A. Bahr_____
Douglas A. Bahr
Solicitor General

Attorneys for Defendant the
Honorable David E. Reich.

e:\dixie\cl\bahr\risk management\dornheim\sanctions.brf.doc

13

**CERTIFICATE OF SERVICE**

**CASE NO. CV-07-423-PHX-EHC**

I hereby certify that on May 17, 2007, the following document: **BRIEF IN SUPPORT OF MOTION FOR SANCTIONS** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to Peter Strojnik.

                  /s/ Douglas A. Bahr
                Douglas A. Bahr
                Solicitor General

e:\dixie\cf\bahr\risk management\open.cases\simple.net\sanctions.brf2.doc