James Patrick Thomas
Assistant Attorney General
Consumer Protection and
 Antitrust Division
Office of Attorney General
4205 State Street
PO Box 1054
Bismarck, ND 58502-1054
North Dakota Bar No. 06014
(701) 328-5568 (fax)
jpthomas@nd.gov
(701) 328-5570 (telephone)

Attorneys for Defendant
 State of North Dakota

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIAL UP SERVICES, INC., | Case No. CV07-423-PHX-EHC |
| Plaintiff, | |
| vs. | STATE OF NORTH DAKOTA'S NOTICE PURSUANT TO FED.R.CIV.P. 11(c)(1)(A) |
| STATE OF OREGON, ET AL. | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 11(c)(1)(A), defendant State of North Dakota ("North Dakota") serves the attached (1) State of North Dakota's Notice of Motion and Motion For Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 Sanctions and, (2) State of North Dakota's Brief In Support of Motion For Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 Sanctions. The motion and brief will be filed with the Court unless, within 21 days after service of the motion and brief, the First Amended Verified Complaint and Verified Application for a Temporary Restraining Order are withdrawn.

Attachment 1

DATED this 23rd day of April, 2007.

**STATE OF NORTH DAKOTA**
Wayne Stenehjem
Attorney General

By: _____
James Patrick Thomas

Attorneys for Defendant
State of North Dakota

G:\CPAT\Multi\Simple.Net\Rule11 - NoticeStroj.doc

## CERTIFICATION OF SERVICE

Pursuant to 28 U.S.C. § 1746, the undersigned certifies that on April 23, 2007, I served the foregoing on Plaintiff's counsel, Peter Strojnik, via e-mail at strojnik@aol.com and via U.S. mail, postage prepaid, to:

Peter Strojnik
The Law Firm of Peter Strojnik
3030 North Central Ave., Ste. 1401
Phoenix, AZ  85012-2712


_____
James Patrick Thomas

James Patrick Thomas
Assistant Attorney General
Consumer Protection and
 Antitrust Division
Office of Attorney General
4205 State Street
PO Box 1054
Bismarck, ND 58502-1054
North Dakota Bar No. 06014
(701) 328-5568 (fax)
jpthomas@nd.gov
(701) 328-5570 (telephone)

Attorneys for Defendant
 State of North Dakota

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIAL UP SERVICES, INC., | Case No. CV07-423-PHX-EHC |
| Plaintiff, | |
| vs. | STATE OF NORTH DAKOTA'S NOTICE OF MOTION AND MOTION FOR FED.R.CIV.P. 11 AND 28 U.S.C. § 1927 SANCTIONS |
| STATE OF OREGON, ET AL. | |
| Defendants. | (Oral Argument Requested) |

Defendant State of North Dakota ("North Dakota") hereby moves pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 for sanctions against Dial Up Services, Inc. ("Plaintiff") and its counsel, Peter Strojnik, on the following grounds:

1. The claims against North Dakota in the Verified Complaint, and repeated in the First Amended Verified Complaint, have been presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, namely, to improperly interfere, delay and obstruct

North Dakota's Attorney General's law-enforcement investigation of Plaintiff's activities in North Dakota, to intimidate other States and prevent them from conducting their own investigations and further, in an attempt to improperly influence or force a multistate negotiated settlement of other States' claims against Plaintiff. Fed.R.Civ.P. 11(b)(1).

2. Plaintiff's claims and contentions are not warranted by existing law or by a nonfrivolous argument for the extension of the law. Fed.R.Civ.P. 11(b)(2).

3. Plaintiff's allegations and other factual contentions lack evidentiary support and are not likely to have evidentiary support. Fed.R.Civ.P. 11(b)(3).

4. Plaintiff's counsel failed to cure the defects in the Verified Complaint and compounded them by filing the First Amended Verified Complaint and Verified Application for a Temporary Restraining Order, despite being put on explicit notice that Plaintiff's claims were frivolous and jurisdictionally insupportable. Plaintiff's counsel intentionally and knowingly multiplied the proceedings in this case unreasonably and vexatiously and should be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

North Dakota respectfully requests this Court award it all costs, including attorneys' fees, in defending this action, including with respect to this motion, North Dakota's motion to dismiss and North Dakota's opposition to Plaintiff's motion for a temporary restraining order. North Dakota requests the sanctions be awarded against Plaintiff's counsel, Peter Strojnik, and, where appropriate, Plaintiff.

2

This motion is supported by State of North Dakota's Brief In Support of Motion For Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 filed herewith. North Dakota respectfully requests oral argument on this motion.

DATED this _____ day of May, 2007.

                          **STATE OF NORTH DAKOTA**
                          Wayne Stenehjem
                          Attorney General


By: _____
     James Patrick Thomas

     Attorneys for Defendant
     State of North Dakota

G:\CPAT\Multi\Simple.Net\Rule11 - NoticeMtnND.doc

## CERTIFICATION OF SERVICE

Pursuant to 28 U.S.C. § 1746, the undersigned certifies that on May ___, 2007, I electronically filed State of North Dakota's Notice of Motion and Motion to Dismiss Pursuant to Fed.R.Civ.P. 12 in the matter of <u>Dial Up Services, Inc, vs. State of Oregon, et al.</u> with the Clerk of Court using the CM/ECF system which sent notification of such filing electronically to the following:

Douglas Alan Bahr:  dbahr@nd.gov
Attorney for the Honorable David E. Reich

Brett T. DeLange:  brett.delange@ag.idaho.gov, jennifer.bithell@ag.idaho.gov, stephanie.guyon@ag.idaho.gov
Attorney for State of Idaho and the Honorable Kathryn Sticklen

Charles Edward Fletcher:  charles.fletcher@doj.state.or.us, jennifer.andrew@doj.state.or.us
Attorney for State of Oregon

Anne E. Schneider:  Anne.Schneider@ago.mo.gov
Attorney for the State of Missouri

Peter Strojnik:  strojnik@aol.com
Attorney for Dial Up Services, Inc.


_____
James Patrick Thomas

James Patrick Thomas
Assistant Attorney General
Consumer Protection and
 Antitrust Division
Office of Attorney General
4205 State Street
PO Box 1054
Bismarck, ND 58502-1054
North Dakota Bar No. 06014
(701) 328-5568 (fax)
jpthomas@nd.gov
(701) 328-5570 (telephone)

Attorneys for Defendant
 State of North Dakota

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIAL UP SERVICES, INC., | Case No. CV07-423-PHX-EHC |
| Plaintiff, | |
| vs. | STATE OF NORTH DAKOTA'S BRIEF IN SUPPORT OF MOTION FOR FED.R.CIV.P. 11 AND 28 U.S.C. § 1927 SANCTIONS |
| STATE OF OREGON, ET AL. | |
| Defendants. | |

Defendant State of North Dakota ("North Dakota") offers the following in support of its Motion for Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 Sanctions against Dial Up Services, Inc. ("Plaintiff") and its counsel, Peter Strojnik ("Strojnik").

### AUTHORITY

Pursuant to Fed. R. Civ. P. 11(b), by presenting a pleading to the Court "an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances," that the pleading "is not being presented for any improper purpose," that the claims "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that "the allegations and other factual contentions have evidentiary support . ..."  Under the Rule there are "basically three types of submitted papers which warrant sanctions:  factually frivolous (not 'well grounded in fact'); legally frivolous (not 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law'); and papers 'interposed for an improper purpose.'"  Business Guides, Inc. v. Chromatic Comm. Enters., 892 F.2d 802, 808 (9th Cir. 1989), aff'd 498 U.S. 533 (1991).  If a pleading is signed in violation of this rule, the Court, upon motion or upon its own initiative, may impose an appropriate sanction.

Courts employ a reasonable-inquiry test to determine whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded.  Holgate v. Baldwin, 425 F.3d 671 (9th Cir. 2005); Business Guides, 892 F.2d at 808.

Satisfaction of either the frivolousness or improper-purpose prong of Rule 11 is, by itself, sufficient to warrant imposition of a sanction.  In re Grantham Bros., 922 F.2d 1438 (9th Cir. 1991).  See also Fink v. Gomez, 239 F.3d 989 (9th Cir. 2001)(reckless misstatements of law and fact, when coupled with improper purpose, such as attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another, are sanctionable under Court's inherent power).

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any

case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In re DeVille, 361 F.3d 539 (9th Cir. 2004)(statute is designed to penalize counsel's conduct that unreasonably and vexatiously multiplies proceedings).

## ARGUMENT

### I.   PLAINTIFF'S CLAIMS ARE PRESENTED FOR IMPROPER PURPOSES. FED.R.CIV.P. 11(b)(1).

Plaintiff's claims against North Dakota in the Verified Complaint, and repeated in the First Amended Verified Complaint, have been presented for an improper purpose, namely, (1) to improperly interfere with, delay and obstruct North Dakota's Attorney General's law-enforcement investigation of Plaintiff's possible illegal and fraudulent activities in North Dakota; (2) to intimidate other States and prevent them from going forward with their own investigations; and (3) to attempt to improperly influence or force a multistate settlement of other States' claims against Plaintiff. Fed.R.Civ.P. 11(b)(1).

Plaintiff's jurisdictionally-deficient claims which, as addressed below, lack any reasonable basis in law or in fact, do not serve any legitimate purpose. As discussed ad nauseam in the parties' filings respecting Plaintiff's application for a temporary restraining order and in the multiple motions to dismiss, the instant action cannot possibly succeed and is simply an attempt to buy time to allow Plaintiff's to continue their conduct as long as possible and to prevent the States from engaging in discovery to determine the nature and scope of Plaintiff's conduct.

As the States began closing in on Plaintiff, Plaintiff's counsel reacted by bringing this groundless lawsuit, which has no legitimate purpose.

## II.  PLAINTIFF'S CLAIMS ARE NOT WARRANTED BY EXISTING LAW OR BY A NONFRIVOLOUS ARGUMENT FOR THE EXTENSION OF THE LAW. FED.R.CIV.P. 11(b)(2).

In the interest of judicial economy, pursuant to LRCiv 7.1(d)(2), North Dakota hereby reasserts and incorporates by reference the argument sections of State of North Dakota's Brief in Support of Fed.R.Civ.P. 12(b) Motion to Dismiss, filed April 13, 2007 and State of North Dakota's Reply Brief in Support of Fed.R.Civ.P. 12(b) Motion to Dismiss, filed _____, __, 2007.  See generally Vazquez Morales v. Estatado Libre Asociado de Puerto Rico, 967 F.Supp. 672, 673 (D. P.R. 1997)(Rule 11 violated where plaintiff's counsel disregarded existing precedent regarding claims barred under the Eleventh Amendment).

## III.  PLAINTIFF'S ALLEGATIONS AND OTHER FACTUAL CONTENTIONS LACK EVIDENTIARY SUPPORT AND ARE NOT LIKELY TO HAVE EVIDENTIARY SUPPORT. FED.R.CIV.P. 11(b)(3).

See Section II, supra.

## III.  PLAINTIFF IS UNREASONABLEY AND VEXATIOUSLY MULTIPLYING PROCEEDINGS. 28 U.S.C. § 1927.

Plaintiff's counsel failed to cure the defects in the Verified Complaint and compounded them by filing the First Amended Verified Complaint and Verified Application for a Temporary Restraining Order, despite repeatedly being put on explicit notice that Plaintiff's claims were frivolous and jurisdictionally insupportable. Rather than recognizing the objectively obvious deficiencies and taking appropriate

steps to dismiss the case, Plaintiff's counsel intentionally and knowingly multiplied the proceedings in this case, which was both unreasonable and vexatious. Plaintiff's counsel should be required by the Court to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred by North Dakota because of such conduct. 28 U.S.C. § 1927.

## CONCLUSION

Plaintiff's pleadings against North Dakota are objectively unreasonable. They have no basis in law or fact and are interposed for multiple improper purposes. "Rule 11 sanctions are specifically designed to deter baseless filings and frivolous litigation, to unclog the choked dockets of the federal courts, and to punish improper conduct by lawyers and litigants." Schutts v. Bently Nevada Corp., 966 F.Supp. 1549, 1566 (D. Nev. 1997). Sanctions, including reasonable attorneys fees, should be imposed against Plaintiff's counsel, Peter Strojnik, and Plaintiff.

DATED this ____ day of May, 2007.

**STATE OF NORTH DAKOTA**
Wayne Stenehjem
Attorney General


By: _____
James Patrick Thomas

Attorneys for Defendant
State of North Dakota

G:\CPAT\Multi\Simple.Net\Rule11 - BrfSupportND.doc

## CERTIFICATION OF SERVICE

Pursuant to 28 U.S.C. § 1746, the undersigned certifies that on May ___, 2007, I electronically filed State of North Dakota's Notice of Motion and Motion to For Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 Sanctions in the matter of <u>Dial Up Services, Inc, vs. State of Oregon, et al.</u> with the Clerk of Court using the CM/ECF system which sent notification of such filing electronically to the following:

Douglas Alan Bahr:  dbahr@nd.gov
Attorney for the Honorable David E. Reich

Brett T. DeLange:  brett.delange@ag.idaho.gov, jennifer.bithell@ag.idaho.gov, stephanie.guyon@ag.idaho.gov
Attorney for State of Idaho and the Honorable Kathryn Sticklen

Charles Edward Fletcher:  charles.fletcher@doj.state.or.us, jennifer.andrew@doj.state.or.us
Attorney for State of Oregon

Anne E. Schneider:  Anne.Schneider@ago.mo.gov
Attorney for the State of Missouri

Peter Strojnik:  strojnik@aol.com
Attorney for Dial Up Services, Inc.


_____
James Patrick Thomas