**LAWRENCE G. WASDEN**
**IDAHO ATTORNEY GENERAL**

**BRETT T. DELANGE** (Admitted Pro Hac Vice; Idaho State Bar No. 3628)
Deputy Attorney General
Office of the Attorney General
Consumer Protection Division
P. O. Box 83720
Boise, ID 83720-0010
(208) 334-2424 • (208) 854-8073(Fax)
brett.delange@ag.idaho.gov
**Attorneys for the State of Idaho**
**and the Honorable Kathryn Sticklen**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Dial Up Services, Inc.**, d/b/a **Simple.Net**, an Arizona corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>**The State of Oregon**; **the State of Idaho**; **The State of North Dakota; The State of Missouri**; **the Honorable David E. Reich**, Judge of the South Central Judicial District of the State of North Dakota; **The Honorable Kathryn Sticklen**, Judge of the Fourth Judicial District of the State of Idaho; **Various States of the United States I-XXX**,<br><br>  Defendants. | **CASE NO.** CV07-423 PHX-EHC<br><br>**STATE OF IDAHO'S AND THE HONORABLE KATHRYN STICKLEN'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS** |

## INTRODUCTION

The lawsuit filed by Plaintiff Dial Up Services, Inc., d/b/a Simple.Net ("Plaintiff") is frivolous. Plaintiff has inappropriately asked this Court to intervene in a valid on-

STATE OF IDAHO'S AND THE HONORABLE KATHRYN STICKLEN'S
MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS - 1

going State of Idaho investigation of Plaintiff's business practices as they relate to Idaho consumers under Idaho law. Fed. R. Civ. P. 11 authorizes the imposition of sanctions where the claims being made are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. This is the case here. Specifically, Plaintiff does not have a legal basis to sue either the State of Idaho ("the State") or the Honorable Kathryn Sticklen ("Judge Sticklen") (collectively "Idaho Defendants") or to ask this Court to interject itself into a valid State of Idaho investigation of Plaintiff under Idaho law.

Controlling law is clear: The State is immune from lawsuit in this Court and Judge Sticklen is immune from a damages claim in this Court pursuant to the Eleventh Amendment to the United States Constitution. Idaho Defendants are not subject to the personal jurisdiction of this Court. Idaho Defendants have not violated either the All Writs Act or the Anti-Injunction Act. Moreover, there is no nonfrivolous argument to modify or change these principles of law.

Because Plaintiff's counsel, Peter Strojnik, violated Fed.R.Civ.P 11(b)(2) by signing and filing Plaintiff's Verified Complaint ("Complaint"), First Amended Complaint ("Amended Complaint"), and Verified Application for a Temporary Restraining Order ("TRO Application") (collectively "Plaintiff's filings"), Idaho Defendants seek monetary sanctions against him. Fed.R.Civ.P. 11(c)(2)(A).

## STATEMENT OF FACTS

On February 22, 2007, Plaintiff filed its Complaint, signed by Mr. Strojnik, in this case. The Complaint named three states, including the State of Idaho, and alleged two

**STATE OF IDAHO'S AND THE HONORABLE KATHRYN STICKLEN'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS - 2**

causes of action.[1]  Plaintiff then filed its Amended Complaint on March 6, 2007, adding additional defendants, including Judge Sticklen.  Mr. Strojnik signed the Amended Complaint.  Also on March 6, 2007, Plaintiff filed its TRO Application, which was signed by Mr. Strojnik.  In its Amended Complaint, Plaintiff seeks both damages and equitable relief and claims that the State's investigation of Plaintiff and Judge Sticklen presiding over pertinent judicial proceedings related to that investigation violate the First Amendment, the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283.  *See **Amended Complaint*** at pp. 5-7, ¶¶ 19-27.

Concerning the State, Plaintiff labels it a "political subdivision[] of the United States."  *See **Amended Complaint*** at p. 1, ¶ 2.  With respect to Judge Sticklen, the only allegations against her are for conduct in her official capacity as a sitting Idaho state district court judge in Boise, Idaho.  Specifically, Plaintiff alleges that Judge Sticklen "presides over the proceedings brought by the Attorney General of the State of Idaho…." ***Amended Complaint*** at p. 2, ¶ 4.

Plaintiff's Amended Complaint is subject to dismissal.  It impermissibly asks the Court to intrude into matters of state law where it lacks jurisdiction over Idaho Defendants and which would violate long-standing constitutional and federal law

---

[1] The complete factual background for this case has been spelled out by Idaho Defendants in both their memoranda opposing the Plaintiff's Application for a Temporary Restraining Order (*see* State of Idaho's and the Honorable Kathryn Sticklen's Brief in Opposition to Plaintiff's Verified Application for a Temporary Restraining Order, pp. 2-5), and in support of their motion to dismiss (*see* State of Idaho's and the Honorable Kathryn Sticklen's Memorandum in Support of Motion to Dismiss, pp. 2-5), and, for space sake, will not be repeated here.  They are adopted and incorporated by reference.

**STATE OF IDAHO'S AND THE HONORABLE KATHRYN STICKLEN'S
MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS - 3**

principles. There is no basis for this Court to become involved in the State's lawful investigation of Plaintiff's business practices as they affect Idaho's consumers.

Because of the frivolousness of Plaintiff's position, Idaho Defendants served upon Plaintiff's counsel their Motion for Sanctions and this memorandum in support pursuant to a Notice Pursuant to Fed.R.Civ.P. 11(c)(1)(A). The Notice, Motion and Memorandum were served upon Plaintiff's counsel on April 12, 2007. In the accompanying letter and Notice, Plaintiff's counsel was advised, pursuant to Fed. R. Civ. P. 11(c), that Idaho Defendants' Motion for Sanctions would be filed with the Court on May 7, 2007, unless Plaintiff's claims against Idaho Defendants were withdrawn.[2] Plaintiff has not withdrawn its claims. Accordingly, Idaho Defendants have filed their Motion for Sanctions and this memorandum in support with the Court. Controlling law indicates that Idaho Defendants' motion should be granted.

## ARGUMENT

## IDAHO DEFENDANTS' MOTION FOR SANCTIONS SHOULD BE GRANTED

### A. Sanctions May be Granted under Fed. R. Civ. P. 11 for Frivolous Lawsuits

Fed. R. Civ. P. 11(b) provides, in pertinent part, that by presenting to the Court a signed pleading or other paper:

> [A]n attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry, reasonable under the circumstances,--

---

[2] A true and correct copy of the Attorney General's Notice and April 12, 2007 letter to Plaintiff's counsel is attached to the Third Affidavit of Brett T. DeLange.

**STATE OF IDAHO'S AND THE HONORABLE KATHRYN STICKLEN'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS - 4**

>  (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Sanctions are appropriate under Fed. R. Civ. P. 11(b) when a pleading which has been filed is "frivolous, legally unreasonable, or without a factual foundation, even though the paper was not filed in subjective bad faith." **Zaldivar v. City of Los Angeles**, 780 F.2d 823, 831 (9th Cir. 1986). The Ninth Circuit has stated that Rule 11 imposes an objective standard of conduct. *In re Disciplinary Action against Mooney*, 841 F.2d 1003, 1005 (9th Cir. 1988) (The requirements of Rule 11 are measured by an objective standard. Subjective good faith is not relevant.") "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus,. . . . any interpretation must give effect to the rule's central goal of deterrence." **Cooter & Gell v. Hartmarx Corp.**, 496 U.S. 384, 391 (1990).

When sanctions are sought under Fed. R. Civ. P. 11(b)(2), as here, they may not be assessed against a represented party, only that party's attorney. Fed. R. Civ. P. 11(c)(2)(A). And it is axiomatic, of course, that counsel may not avoid "the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." **Smith v. Ricks**, 31 F.3d 1478, 1488 (9th Cir. 1994), *cert. denied* 514 U.S. 1035 (1995).

The Ninth Circuit has pointed out that there are three different types of pleadings that warrant sanctions: factually frivolous pleadings, legally frivolous pleadings, and pleadings filed for an improper purpose. **Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.**, 892 F.2d 802, 808 (9th Cir. 1989), *judgment aff'd*, 498 U.S. 533 (2001).

**STATE OF IDAHO'S AND THE HONORABLE KATHRYN STICKLEN'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS - 5**

Fed. R. Civ. P. 11(c) authorizes the filing of a motion for sanctions for violations of Fed. R. Civ. P. 11(b), but only if the motion is first served upon the opposing party, and that party is given 21 days after the service of the motion to withdraw the offending claim.  If the offending claim is not withdrawn, the Court, in addition to imposing an appropriate sanction, may also award a reasonable attorney's fee and expenses incurred in the bringing of a motion under Fed. R. Civ. P. 11.

Under Fed. R. Civ. P. 11(c)(2), it states that if sanctions are imposed pursuant to a motion, the sanctions may consist of, if "warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."

### B. Sanctions Should be Granted under Fed.R.Civ.P. 11 in this Case Because Plaintiff's Claims are not Warranted by Existing Law or by a Nonfrivolous Argument for the Extension, Modification, or Reversal of Existing Law or the Establishment of New Law

Idaho Defendants' previously-filed Memorandum in Support of Motion to Dismiss establishes the frivolousness of Plaintiff's Amended Complaint.  Idaho Defendants respectfully request the Court to review this memorandum.  It establishes not only that Plaintiff's Amended Complaint is subject to dismissal under Fed.R.Civ.P. 12(b), but also that Plaintiff's TRO Application should be denied.  They also establish that Plaintiff's counsel's conduct in signing and filing Plaintiff's filings is sanctionable under Fed.R.Civ.P. 11(b)(2).

It is frivolous to file with this Court a complaint that does no better than to ask this Court to involve itself in a valid state law investigation of Plaintiff's business and marketing practices as it relates to Idaho consumers. **Younger** abstention clearly applies.

It is frivolous to name the State of Idaho in this federal court action or to seek damages against Judge Sticklen. The law of the Eleventh Amendment is clear and specific. Plaintiff should not have sued the State or Judge Sticklen for damages.

Both complaints and the record are silent for establishing any basis by which this Court could exercise personal jurisdiction over either Idaho Defendant. The law is again clear about what is required for personal jurisdiction and there is no possible way that Due Process would allow this Court to exercise personal jurisdiction here.

Finally, a mere reading of the All Writs Act and the Anti-Injunction Act would confirm that there is no possible way that either Idaho Defendant (or both) could violate either Act's provisions. To sign and file an Amended Complaint making such allegations is simply frivolous; there is no existing law and there is no nonfrivolous argument for the extension or modification of either Act that would justify such a claim.

Idaho Defendants respectfully request, as a proper award of sanctions, that the Court order Plaintiff's counsel to remit to Idaho Defendants a reasonable attorneys' fee and other expenses, as determined by this Court, incurred as a result of defending against Plaintiff's lawsuit. Plaintiff's filings have burdened this Court and improperly caused Idaho Defendants to waste scarce resources defending this matter and a proper level of deterrence would be to order Plaintiff's counsel to pay such fees and costs.

**STATE OF IDAHO'S AND THE HONORABLE KATHRYN STICKLEN'S**
**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS - 7**

## CONCLUSION

For the foregoing reasons, Idaho Defendants respectfully request that their Motion for Sanctions be granted.

DATED this 21st day of May, 2007.

**LAWRENCE G. WASDEN**
**IDAHO ATTORNEY GENERAL**


BY:   /s/ Brett T. DeLange
      **BRETT T. DELANGE**
      DEPUTY ATTORNEY GENERAL


## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May 2007, I electronically filed the Idaho Defendants' Memorandum in Support of Motion for Sanctions in the matter of *Dial Up Services, Inc., vs. State of Oregon et al.* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter Strojnik
strojnik@aol.com
Attorney for Dial Up Services, Inc.

Douglas A. Bahr
dbahr@nd.gov
Attorney for the Honorable David E. Reich

Charles Fletcher
Charles.Fletcher@doj.state.or.us
Attorney for the State of Oregon

James Patrick Thomas
jpthomas@nd.gov
Attorney for the State of North Dakota

Anne. E. Schneider
Anne.Schneider@ago.mo.gov
Attorney for the State of Missouri

 /s/ Brett T. DeLange
BRETT T. DELANGE
Deputy Attorney General


**STATE OF IDAHO'S AND THE HONORABLE KATHRYN STICKLEN'S**
**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS - 8**