James Patrick Thomas
Assistant Attorney General
Consumer Protection and
 Antitrust Division
Office of Attorney General
4205 State Street
PO Box 1054
Bismarck, ND  58502-1054
North Dakota Bar No. 06014
(701) 328-5568 (fax)
jpthomas@nd.gov
(701) 328-5570 (telephone)

Attorneys for Defendant
 State of North Dakota

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| DIAL UP SERVICES, INC., | ) | Case No. CV07-423-PHX-EHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | STATE OF NORTH DAKOTA'S |
| vs. | ) | REPLY BRIEF IN SUPPORT OF |
| | ) | MOTION FOR FED.R.CIV.P. 11 |
| STATE OF OREGON, ET AL. | ) | AND 28 U.S.C. § 1927 SANCTIONS |
| | ) | AND IN OPPOSITION TO PLAINTIFF'S |
| Defendants. | ) | MOTION FOR SANCTIONS |
| | ) | |

State of North Dakota ("North Dakota") replies in support of its Motion for Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 Sanctions against Dial Up Services, Inc. ("Plaintiff") and its counsel, Peter Strojnik ("Strojnik").  North Dakota also responds to Plaintiff's cross motion for sanctions pursuant to 28 U.S.C. § 1927.

**ARGUMENT IN FAVOR OF SANCTIONS AGAINST PLAINTIFF AND COUNSEL**

**I.    PLAINTIFF'S CLAIMS ARE PRESENTED FOR IMPROPER PURPOSES. FED.R.CIV.P. 11(b)(1).**

Plaintiff fails to address North Dakota's argument that Plaintiff's claims against North Dakota in the Verified Complaint, and repeated in the First Amended Verified Complaint, have been presented for an improper purpose, namely, (1) to improperly interfere with, delay and obstruct North Dakota's Attorney General's law-enforcement investigation of Plaintiff's possible illegal and fraudulent activities in North Dakota; (2) to intimidate other States and prevent them from going forward with their own investigations; and (3) to attempt to improperly influence or force a multistate settlement of other States' claims against Plaintiff.  Fed.R.Civ.P. 11(b)(1). "A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose.  … This is permissible because the test for improper purpose is objective." <u>Townsend v. Holman Consult. Corp.</u> 929 F.2d 1358, 1365 (9th Cir. 1991)(citations omitted).

**II.   PLAINTIFF'S CLAIMS ARE NOT WARRANTED BY EXISTING LAW OR BY A NONFRIVOLOUS ARGUMENT FOR THE EXTENSION OF THE LAW. FED.R.CIV.P. 11(b)(2).**

"Rule 11 sanctions should be applied if a competent attorney, after reasonable inquiry, would not have a good faith belief in the merit of a legal argument."  <u>Amwest Mortgage Corp. v. Grady</u>, 925 F.2d 1162, 1164 (9th Cir.

1991).¹  Plaintiff did not offer any authority in opposition to North Dakota's contention that Plaintiff's claims are not warranted by existing law or a nonfrivolous argument for the extension of the law.  Rather, the crux of Plaintiff's defense is essentially:  (1) North Dakota should be grateful the claims aren't even more frivolous because, after careful consideration, Strojnik omitted his conspiracy and extortion claims from the complaints; and (2) even though Strojnik and his friend Thomas L. Kummer (who does not appear to be admitted to practice before this Court, at least according to the Court's website) claim to have spent 150 hours researching the facts and law and still reached an utterly legally-insupportable conclusion about the viability of this case, Strojnik's efforts nonetheless constituted a "competent inquiry" under Christian v. Mattel, Inc., 286 F.3d 1118 (9th Cir. 2002). See Plaintiff's and Plaintiff's Counsel's Response to Various Motions for Sanctions and Motion for 28 U.S.C. § 1927 Award of Attorney's Fees ("Plaintiff's Response"), filed May 29, 2007, at 2-3, 13-15.

If after all that research, Strojnik failed to understand his case was legally untenable, the inquiry was not, ipso facto, competent.  "The point of Rule 11 is to

---

¹ Amwest, incidentally, is a Ninth Circuit case in which the Court of Appeals affirmed the District Court's denial of an injunction sought on the basis of the relitigation exception to the Anti-Injunction Act because, like here, "simply identifying an issue in one case as the same as that in another does not entitle a party to the benefits of injunctive relief.  '[O]ne general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate that issue in the earlier case.' Allen v. McCurry, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed. 2d 308 (1980)(citations omitted)." Amwest, 925 F.2d at 1164-65.

require 'a normally competent level of legal research,' Lieb v. Topstone Indus., 788 F.2d at 157, prior to the signing and filing of pleadings, not afterwards.  Therefore, the Court concludes that plaintiff's counsel's ignorance of the controlling authority was not reasonable under the circumstances." Terminix Int'l Co. v. Kay, 150 F.R.D. 532, 538 (E.D. Penn. 1993)(emphasis in original).  "A party's position, even if superficially plausible, cannot be accepted as a good faith argument for the extension of the existing law if, in framing the pleadings, the party ignores the controlling authority." Id. at 537.[2]  Even given the 21-day grace period required under Rule 11, Plaintiff and Plaintiff's counsel failed to take corrective action.

Plaintiff inexplicably argues North Dakota's motion for sanctions is "affirmative relief … before the same court concerning the same transaction or occurrence."  Plaintiff's Response at 1-2.  The argument continues that because of this, North Dakota has waived its personal jurisdiction defense – notwithstanding the fact that under Fed.R.Civ.P. 12 North Dakota is not yet required to answer or state its affirmative defenses and that the need to make a "special appearance" to challenge jurisdiction has been abolished since 1938 when Rule 12 was adopted. S.E.C. v. Wencke, 783 F.2d 829, 832 n.3 (9th Cir. 1986).  See also Wright v. Yackley, 459 F.2d 287, 291 (9th Cir. 1972).  North Dakota properly preserved the personal jurisdiction defense by raising it in its motion to dismiss.

---

[2]  Plaintiff's declaration by Strojnik and Kummer, and the long discussion about Plaintiff's dealings with the State of Oregon, are irrelevant.  The States of North Dakota and Oregon are sovereign entities; each speaks on its own behalf.  And, no amount of incompetently-performed research can cure an objectively unreasonable complaint.  Holgate v. Baldwin, 425 F.3d 671 (9th Cir. 2005).

The very case cited by Plaintiff, <u>Dow Chemical Co. v. Calderone</u>, 422 F.3d 827, 835-36 (9th Cir. 2005), dispels any notion that a party <u>defending</u> against a suit brought against it, after having been haled into court, rises to the level of "purposeful availment" necessary to waive personal jurisdiction.  Plaintiff's argument would mean a plaintiff could, with impunity, knowingly file a complaint utterly devoid of a basis for personal jurisdiction and never face a motion from a defendant for Rule 11 sanctions.  Such a result is absurd.

### III.    PLAINTIFF IS UNREASONABLY AND VEXATIOUSLY MULTIPLYING PROCEEDINGS.  28 U.S.C. § 1927.

Plaintiff claims North Dakota's motion seeking sanctions for Plaintiff having unreasonably and vexatiously multiplying proceedings is itself unreasonable and vexatious under 28 U.S.C. § 1927 because such sanctions are not applicable to "initial pleadings."  Plaintiff's Response at 4-5.  Assuming, <u>arguendo</u>, Plaintiff's argument is correct, it is inapplicable here.  North Dakota's argument for § 1927 sanctions reads as follows:

> Plaintiff's counsel failed to cure the defects in the Verified Complaint <u>and compounded them by filing the First Amended Verified Complaint and Verified Application for a Temporary Restraining Order</u>, despite repeatedly being put on explicit notice that Plaintiff's claims were frivolous and jurisdictionally insupportable.  Rather than recognizing the objectively obvious deficiencies and taking appropriate steps to dismiss the case, Plaintiff's counsel intentionally and knowingly multiplied the proceedings in this case, which was both unreasonable and vexatious.  Plaintiff's counsel should be required by the Court to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred by North Dakota because of such conduct.  28 U.S.C. § 1927.

5

State of North Dakota's Brief in Support of Motion for Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 Sanctions, filed May 18, 2007, at 4 (emphasis added).

Plaintiff is to be sanctioned for the March 6, 2007 Verified Application for a Temporary Restraining Order, which is not the initial pleading. Fed.R.Civ.P. 3 and 7. Plaintiff should further be sanctioned for the First Amended Verified Complaint, also dated March 6, 2007, which followed the initial pleading, namely the February 22, 2007 Verified Complaint. On top of it all, Plaintiff should be sanctioned for further multiplying the litigation by filing its spurious 28 U.S.C. § 1927 claim on May 29, 2007.

### ARGUMENT IN OPPOSITION TO SANCTIONS AGAINST NORTH DAKOTA

As discussed, supra, North Dakota's motion for Rule 11 sanctions is meritorious, well-grounded in fact and in law, and appropriate here. As to Plaintiff's claim that North Dakota's request for sanctions under 28 U.S.C. § 1927 is itself sanctionable, see Section III, supra.

### CONCLUSION

Plaintiff's claims against North Dakota are objectively unreasonable. They have no basis in law or fact and are interposed for multiple improper purposes. Sanctions, including reasonable attorneys fees, should be imposed against Plaintiff's counsel Peter Strojnik and Plaintiff.

DATED this 5th day of June, 2007.

**STATE OF NORTH DAKOTA**
Wayne Stenehjem
Attorney General

By: /s/ James Patrick Thomas
James Patrick Thomas

Attorneys for Defendant
 State of North Dakota

G:\CPAT\Multi\Simple.Net\Rule11 - BrfReplyND.doc

## CERTIFICATION OF SERVICE

Pursuant to 28 U.S.C. § 1746, the undersigned certifies that on June 5, 2007, I electronically filed State of North Dakota's Reply Brief in Support of Motion for Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 Sanctions and In Opposition to Plaintiff's Motion for Sanctions in the matter of <u>Dial Up Services, Inc., vs. State of Oregon, et al.</u> with the Clerk of Court using the CM/ECF system which sent notification of such filing electronically to the following:

Douglas Alan Bahr:  dbahr@nd.gov
Attorney for the Honorable David E. Reich

Brett T. DeLange:  brett.delange@ag.idaho.gov, jennifer.bithell@ag.idaho.gov, stephanie.guyon@ag.idaho.gov
Attorney for State of Idaho and the Honorable Kathryn Sticklen

Charles Edward Fletcher:  charles.fletcher@doj.state.or.us, jennifer.andrew@doj.state.or.us
Attorney for State of Oregon

Anne E. Schneider:  Anne.Schneider@ago.mo.gov
Attorney for the State of Missouri

Peter Strojnik:  strojnik@aol.com
Attorney for Dial Up Services, Inc.

  /s/ James Patrick Thomas
James Patrick Thomas